UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Peter Peterson,

                Petitioner,    Case No. 19-11655

v.                                  Judith E. Levy
                                       United States District Judge

Thomas Winn,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Peter Peterson filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner is confined at the Saginaw Correctional Facility in Freeland, Michigan pursuant to a 2015 first degree murder conviction. (*Id.* at PageID.1.) He raises four claims for habeas relief: (1) that his right to a fair trial was denied when the attorney for the State of Michigan's star witness offered inappropriate and false testimony and Petitioner's counsel failed to object; (2) that his right to due process was denied when the trial court failed to properly instruct the jury; (3) that his constitutional right to confrontation was

denied and his counsel was ineffective for failing to object; and (4) that his due process rights were violated when the trial court admitted unreliable hearsay statements made by a non-testifying co-defendant. (*Id.* at PageID.5–12.)

For the reasons set forth below, the Court dismisses the petition, denies a certificate of appealability and denies permission to proceed *in forma pauperis* on appeal.

## I. Background

Petitioner was convicted following a jury trial in the Manistee County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009):

> The two defendants in this consolidated appeal, Peter Peterson and Robert Knauss, were tried together in a single trial before separate juries. They were each convicted of first-degree premeditated murder, MCL 750.316(1)(a), arising out of the 1995 shooting death of Vincent Adamczak. Both defendants were sentenced to life in prison without the possibility of parole. They appeal as of right, and we affirm.

There was evidence presented at trial that Adamczak had his girlfriend pawn or sell guns owned by Knauss's grandfather, to which she had access, in order to bail Adamczak out of jail, that defendants later rebuked, threatened, and assaulted Adamczak outside of Peterson's home because of what had transpired with the guns, that Knauss's girlfriend at the time, Rose Skrzycki, was present, that Peterson eventually retrieved a rifle from his home and went back outside where he shot and killed Adamczak, that Knauss agreed to dig and dug a hole on the property in which Adamczak was buried, and that defendants later removed and burned Adamczak's body. These events occurred in 1995.

Skrzycki testified that Peterson shot Adamczak and then told Knauss to dig the hole, with Knauss stating, when the shot was fired, "Pete, what the f**k did you do?" Skrzycki also indicated that perhaps Peterson had said something about digging a hole just before the shooting. The prosecution presented testimony that Knauss had made many statements to others over the years about the murder and disposal of the body, including statements that Knauss himself had killed Adamczak, that Knauss had helped bury and burn the body after Peterson shot Adamczak, and that Peterson had done the shooting, but only after Peterson had indicated that he would shoot Adamczak if Knauss agreed to dig the hole, to which Knauss agreed. Knauss also made statements to the police, wherein he claimed that Peterson had shot Adamczak and that, prior to the shooting, Peterson had commented or asked about Knauss digging a hole, with Knauss agreeing to do so, but with the belief that Peterson was only kidding and not serious about shooting Adamczak. Neither Peterson nor Knauss testified at trial.

3

*People v. Peterson*, No. 329195, 2017 WL 5759698, at * 1 (Mich. Ct. App. Nov. 28, 2017); *lv. den.* 501 Mich. 1083 (2018). Petitioner seeks a writ of habeas corpus on the four grounds set forth above. (*See* ECF No. 1, PageID.5–12.)

**II. Standard of Review**

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state-courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).

The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and

4

demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state-court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

#### A. Procedural Default

The Michigan Court of Appeals reviewed and rejected portions of Petitioner's first and third claims under a plain error standard because Petitioner failed to preserve the issues as a constitutional claim at the trial court level. AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017).

As an initial matter, Respondent argues that the Court should deny these claims because Petitioner failed to object at trial and so they are barred by procedural default. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000).

The Court declines to address the procedural defense because it is not a jurisdictional bar to review of the merits. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

Such is the case here. The procedural default issue is complex and the substantive claim is more readily decided on the merits. Accordingly, the Court will proceed to the merits of Petitioner's habeas claims.

### B. Prior Consistent Statements/ Ineffective Assistance of Counsel

Petitioner first alleges that his right to due process was violated when Rose Skrzycki's attorney, Jane Johnson, was permitted to testify about prior consistent statements Skrzycki had made to her. He argues that Johnson also improperly vouched for Skrzycki's veracity and truthfulness, and that some of the testimony was hearsay. Alternatively, Petitioner alleges that trial counsel was ineffective for failing to object.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A federal court is limited in federal habeas review to deciding whether a state-court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. *See Byrd v. Tessmer,* 82 F. App'x. 147, 150 (6th Cir. 2003). The admission of this evidence in

violation of Michigan's rules of evidence would not entitle Petitioner to relief.

The admission of a prior consistent statement when the declarant is available for cross-examination at trial, as was the case here, is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. *See Wilson v. Sheldon,* 874 F.3d 470, 475 (6th Cir. 2004) (denying a claim for habeas relief based on admission of prior consistent statements at trial). There is no violation of the Sixth Amendment's Confrontation Clause when the witness testifies at trial and is subject to unrestricted cross-examination. *United States v. Owens,* 484 U.S. 554, 560 (1988). As the Supreme Court set forth, "where the declarant is not absent, but is present to testify and to submit to cross examination, our cases, if anything, support the conclusion that the admission of his out of court statements does not create a confrontation clause problem." *California v. Green,* 390 U.S. 149, 162 (1970). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Owens,* 484 U.S. at 560 (internal citations omitted). Because Skrzycki testified at Petitioner's trial and was subject

to cross-examination, the admission of her out of court statements to her attorney did not violate the Petitioner's Sixth Amendment right to confrontation.

Petitioner's claim about the admission of Skyrzycki's prior consistent statement involves, at most, an error of state law that is not cognizable in federal habeas review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 715 (E.D. Mich. 2002). Because Skrzycki was subject to cross-examination at Petitioner's trial, the admission of her out of court statements did not present a Confrontation Clause issue. *Id.* Moreover, there is "no Supreme Court decision holding that the improper use of a witness's prior consistent statements violates the Constitution." *Drain v. Woods*, 902 F. Supp. 2d 1006, 1037 (E.D. Mich. 2012); *aff'd,* 595 F. App'x. 558, 561 (6th Cir. 2014). The admission of Skrzycki's prior consistent statements did not deprive Petitioner of a fundamentally fair trial; Petitioner is not entitled to habeas relief. *See Benton v. Booker,* 403 F. App'x. 984, 986 (6th Cir. 2010).

Petitioner alternatively argues that trial counsel was ineffective for failing to object to attorney Jane Johnson's testimony concerning Skrzycki's prior consistent statements.

9

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state-court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claim, finding that Petitioner failed to show he was prejudiced by counsel's failure to object:

> We first note that, absent the testimony by Skrzycki's attorney, the jury nonetheless had been made fully aware, through other unchallenged testimony, of Skrzycki's plea agreement, her attendant statements that Peterson alone had retrieved the gun and shot Adamczak, and that the plea agreement required her to testify truthfully at trial. Furthermore, Skrzycki's statements to authorities had previously implicated Peterson in the shooting; that part of her versions of the events was unchanged. Thus, assuming that the attorney possibly and improperly swayed jurors to conclude that Skrzycki's trial testimony was credible, had the attorney not testified, leaving the jurors open to perhaps finding Skrzycki more credible as to her earlier account of what had transpired, this account still had Peterson shooting

10

> Adamczak, but simply doing so in tandem with Knauss. Peterson has simply not demonstrated that the presumed "error affected the outcome of the lower court proceedings," and he certainly has not shown that the presumed error resulted in the conviction of "an actually innocent defendant" or seriously affected the fairness and integrity of the judicial proceedings. And with respect to the claim of ineffective assistance of counsel, Peterson has not shown "the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Indeed, in regard to the question of prejudice, Peterson merely contends in cursory fashion that the case hinged on Skrzycki's credibility and, therefore, allowing the testimony by Skrzycki's attorney was prejudicial. This woefully inadequate argument does not suffice to demonstrate the requisite prejudice. The jury was able to independently assess Skrzycki's credibility when she was on the stand and was instructed that it alone was tasked with making credibility determinations. Reversal is unwarranted.

*People v. Peterson*, 2017 WL 5759698, at * 2 (internal citations omitted).

The Michigan Court of Appeals' conclusion is reasonable. Skyrzycki had consistently implicated Petitioner in the victim's murder, even if the details had changed in her different statements. Additional witnesses implicated Petitioner in the murder. (*See* Section 3D, *infra*). The jury was already aware that Skrzycki had been offered a plea agreement to testify against Petitioner and that the plea agreement required her truthful testimony. In light of the additional evidence of Petitioner's guilt, coupled

11

with evidence that could already be used to bolster Skrzycki's testimony, the admission of Skrzycki's prior consistent statements to her attorney was not prejudicial to Petitioner. For this reason, counsel was not ineffective for failing to object to the testimony. *See United States v. Dado*, 759 F.3d 550, 565 (6th Cir. 2014). Petitioner is not entitled to relief on his first claim.

### C. Jury Instruction.

Petitioner next contends that he was denied the right to a fair trial when the trial court refused to give the disputed-accomplice jury instruction contained in M Crim JI 5.5.

The Michigan Court of Appeals rejected Petitioner's claim, finding that Petitioner had waived the issue because although he had argued in the trial court that Skrzycki was an undisputed accomplice and that the cautionary instruction for undisputed accomplices should be given, Mich. Crim. Jury Inst. 5.6, defense counsel had indicated to the trial judge that the instruction for disputed accomplices was inapplicable. *People v. Peterson*, 2017 WL 5759698, at * 3.

Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304

12

U.S. 458, 464 (1938)). A criminal defendant who has waived his or her rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *Olano*, 507 U.S. at 733-34). *See also Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012) ("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors"). "When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal." *Morgan v. Lafler*, 452 F. App'x. 637, 646, n. 3 (6th Cir. 2011) (*citing United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir.2000)).

The Michigan Court of Appeals concluded that Petitioner waived the issue because defense counsel acknowledged that the disputed accomplice instruction was inapplicable to the circumstances in Petitioner's case. A defendant in a criminal case cannot complain of error which he or she has invited. *Harvis v. Roadway Express, Inc.*, 923 F.2d 59, 61 (6th Cir. 1991). When a petitioner invites an error in the trial court, he or she is precluded from seeking habeas corpus relief for that

13

error. *See Fields v. Bagley,* 275 F. 3d 478, 486 (6th Cir. 2001). Petitioner is not entitled to relief on his second claim.

### D. Confrontation Clause/ Ineffective Assistance of Counsel

Petitioner next contends that his Sixth Amendment confrontation right was violated by the admission at his trial of his co-defendant's statements to the police against him. Alternatively, Petitioner claims that trial counsel was ineffective for failing to object.

Where a co-defendant's incriminating confession is admitted at a joint trial and the co-defendant does not take the stand, a defendant is denied the constitutional right of confrontation, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States*, 391 U.S. 123, 127–128 (1968). However, no *Bruton* violation results where the statement does not expressly implicate a defendant in the charged offense because such a statement would not be "powerfully incriminating." *Richardson v. Marsh,* 481 U.S. 200, 208 (1987); *Vincent v. Parke*, 942 F.2d 989, 991 (6th Cir. 1991). Indeed, *Bruton*'s "narrow exception" to the "almost invariable assumption of the law that jurors follow their instructions," *Marsh*, 481 U.S. at 206–07, is applicable only when a "codefendant's confession

14

'expressly implicat[es]' the defendant as his accomplice." *Id.* at 208 (quoting *Bruton*, 391 U.S. at 124, n. 1).

The Michigan Court of Appeals rejected Petitioner's claim because the jury never heard any of the co-defendant's statements to the police that implicated Petitioner:

> We have thoroughly reviewed the testimony cited by Peterson in support of his argument and conclude that none of the references to Knauss's statements to the police and surrounding testimony, as heard by the Peterson jury, facially, expressly, implicitly, or inferentially incriminated Peterson or implicated him in the murder; therefore, there was no Confrontation Clause violation.

*People v. Peterson*, No. 329195, 2017 WL 5759698, at * 3.

Accordingly, none of the references to Mr. Knauss's statements to the police facially, expressly, or implicitly incriminated Petitioner, thus, there was no *Bruton* violation. *See United States v. Mehmood*, 742 F. App'x. 928, 944-45 (6th Cir. 2018). Because the references to the co-defendant's statements did not violate the holding in *Bruton,* counsel's failure to object to this testimony did not amount to ineffective assistance of counsel. *See U.S. v. Johnson*, 581 F. 3d 320, 328 (6th Cir. 2009). Petitioner is not entitled to relief on his third claim.

### E. Inadmissible Hearsay

Petitioner finally argues that the trial court erred by allowing the admission of Knauss's non-testimonial statements made to various witnesses, where the testimony implicated Petitioner in the murder and constituted unreliable hearsay.

As an initial matter, Petitioner does not argue that the admission of Knauss's statements to various friends or acquaintances about Petitioner's involvement in this murder violated the Sixth Amendment right to confrontation.

When non-testimonial hearsay is at issue, the Confrontation Clause is not implicated, and therefore need not be considered. *See Davis v. Washington*, 547 U. S. 813, 823–26 (2006); *see also Desai v. Booker,* 538 F.3d 424, 425–26 (6th Cir. 2008). Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. *Crawford,* 541 U.S. at 51–52, 56. "[B]ecause it is premised on the Confrontation Clause, the *Bruton* rule, like the Confrontation Clause itself, does not apply to nontestimonial statements." *U.S. v. Johnson*, 581 F. 3d at 326.

Knauss's statements to various friends or acquaintances did not qualify as testimonial statements covered by the Confrontation Clause

16

because they were casual remarks made to a friend or acquaintance and not one made to law enforcement. *See Desai,* 538 F. 3d at 427.

Petitioner's claim that Knauss's hearsay statements should not have been admitted because they are unreliable does not entitle Petitioner to relief. "The Supreme Court has not held that the admission of the type of evidence at issue here, a codefendant's nontestimonial hearsay confession, violates due process based on its lack of reliability." *Desai v. Booker*, 732 F.3d 628, 631 (6th Cir. 2013). Moreover, the Michigan Court of Appeals concluded that Knauss's statements were admissible under the penal interest exception to the hearsay rule contained in Mich. R. Evid. 804(b)(3). *People v. Peterson*, 2017 WL 5759698, at *4–5. The penal interest exception to the hearsay rule "contains a reliability theory of its own in this instance: that individuals do not lightly admit to committing murder." *Desai*, 732 F.3d at 631. The admission of these statements did not violate Petitioner's right to due process. *Id.*

### F. Conclusion

For the reasons set forth above, Petitioner is not entitled to relief on the four grounds raised in the petition. His petition is denied.

17

## IV. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

The Court also denies Petitioner leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V. ORDER

For the reasons set forth above, the petition is DISMISSED and a Certificate of Appealability is DENIED. The Court also DENIES Petitioner leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: November 5, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2020.

 s/William Barkholz
 WILLIAM BARKHOLZ